UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



AMJED FARID ANNABI,

    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

16-CV- 9057 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated January 27, 2020 (Dkt. No. 27), plaintiff Amjed Farid Annabi moves, pursuant to 42 U.S.C. § 406(b), for an order approving a contingent fee arrangement in this social security case. Under the written fee agreement (Agreement) between plaintiff and Charles E. Binder and Harry J. Binder, Attorneys at Law, LLP (the Binder Firm), if the court reviewing the Commissioner's decision remanded plaintiff's case (which it did), and if, on remand, plaintiff secured an award of past due benefits (which he has), the Binder Firm "may apply for fees under 42 U.S.C. § 406(a) and/or 42 U.S.C. § 406(b)" in an amount not to exceed "25% of the past due benefits" due plaintiff and his family. Affirmation of Charles E. Binder dated January 27, 2020 (Binder Aff.) (Dkt. No. 28), Ex. A. The present motion asks the Court to approve a payment of $28,040.25 to attorneys Charles E. Binder, Daniel S. Jones and Patrick H. Busse, representing 25% of plaintiff's recovered past due benefits according to the Social Security Administration (SSA). *See* Binder Aff. ¶¶ 15-16 & Ex. B. The Commissioner filed no objection to the motion.

For the reasons set forth below, plaintiff's motion is GRANTED.

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this

title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations and quotation marks omitted), *report and recommendation adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

These factors all weigh in favor of plaintiff's request for approval of a 25% contingency fee here. The fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A). There is no evidence in the record that the Agreement was the result of fraud or overreach. Nor would the contingency fee award constitute a windfall to the Binder Firm, which according to its time records expended 31.4 hours on work related to this action, Binder Aff. Ex. B, including drafting and filing a 28-page memorandum of law in support of plaintiff's motion for judgment on the pleadings (Dkt. No. 16), after which the Court granted plaintiff's motion and remanded his case to the Social Security Administration. (Dkt. No. 24.) After remand, plaintiff secured the relief he sought: a finding of disability and an award of past due benefits. Binder Aff. ¶ 7. Each of these

2

factors favors approval of the fee application. *Pelaez*, 2017 WL 6389162, at *1-2 (recommending approval of a similar contingency fee agreement).

Counsel acknowledges (Binder Aff. ¶ 16) that he must return to plaintiff the $6,248.29 that he was previously paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. No. 26.) *See Gisbrecht*, 535 U.S. at 789 ("Fee awards may be made under both [§ 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits.").

For these reasons, plaintiff's unopposed motion is GRANTED. The Social Security Administration is directed to approve a payment of $28,040.25 to attorney Binder, and upon receipt of payment, Binder is directed to promptly refund $6,248.29 to plaintiff.

Dated: New York, New York
April 9, 2020

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**